# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### MISC. NO. 1:26MC7

FILED IN THIS OFFICE APR - 7 2026 Clerk U.S. District Court Greensboro, NC BY

NIMA GHARAVI,

      Petitioner,

v.

TONY ROTUNDO,

      Respondent.

Underlying action:
*Gharavi et al. v. Presley et al.*, No. 1:24-cv-1969 (N.D. Ill.)

## BRIEF IN SUPPORT OF
## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Petitioner Nima Gharavi ("Petitioner"), appearing *pro se*, respectfully moves the Court for an order compelling Respondent Tony Rotundo ("Respondent") to comply with a subpoena for production of documents issued in *Gharavi et al. v. Presley et al.*, Case No. 1:24-cv-1969 (N.D. Ill.) (the "Underlying Action"). Since September 2025, Petitioner has made numerous attempts to obtain Respondent's compliance with the Subpoena—by email, voicemail, certified mail, and detailed follow-up correspondence—all without success. The Subpoena was ultimately personally served on Respondent at his Carrboro, North Carolina residence on March 1, 2026. Respondent has never responded. He has produced no documents, served no objections, and made no communication of any kind. This Court is

the proper forum to compel compliance because Respondent resides within this District.

## II. STATEMENT OF FACTS

Petitioner initiated the Underlying Action on March 8, 2024, asserting defamation and related claims arising from false statements about Petitioner and his wrestling videography channel, Midwest Wrestle. Gharavi Decl. ¶ 1.

Tony Rotundo is, upon information and belief, the owner of a wrestling photography business operating at WrestlersAreWarriors.com, and was during the relevant period a member of the board of the National Wrestling Media Association ("NWMA"). Gharavi Decl. ¶ 2. On January 4, 2024—during the period in which the defamatory campaign against Petitioner was unfolding—Respondent posted under his own real name in a thread concerning Petitioner on the InterMatWrestle.com bulletin board. Gharavi Decl. ¶ 3.

On September 22, 2025, Petitioner's counsel transmitted a document subpoena, rider, and notice of subpoena to Respondent by email, commanding production by October 6, 2025. Gharavi Decl. ¶ 4, Ex. 1. Respondent did not respond. On October 22, 2025, counsel left a voicemail at Respondent's telephone number in a further attempt to obtain compliance. Gharavi Decl. ¶ 5. On November 12, 2025, counsel sent a follow-up email to the same addresses, re-attaching the subpoena documents and demanding a response within seven days. Gharavi Decl. ¶ 6, Ex. 2. Respondent did not respond to either the voicemail or the email.

2

On December 4, 2025, counsel transmitted an updated subpoena by U.S. Certified Mail to Respondent's Oakland, California address, commanding production by December 19, 2025; USPS confirmed delivery on December 9, 2025. Gharavi Decl. ¶ 7, Ex. 3. On January 8, 2026, counsel sent a comprehensive follow-up letter by email and certified mail to the same address, summarizing the prior outreach and demanding a response within seven days. Gharavi Decl. ¶ 8, Ex. 4. Respondent did not respond.

Based on a skip-trace investigation conducted by a private investigator, counsel believed Respondent had relocated to Carrboro, North Carolina. Counsel transmitted updated subpoenas by certified mail to Respondent's Carrboro address on January 12, 2026, commanding production by January 24, 2026, and again on January 22, 2026, commanding production by February 5, 2026. Neither package was successfully delivered to Respondent. Gharavi Decl. ¶¶ 9–10, Exs. 5–6.

On February 27, 2026, counsel dispatched a process server to Respondent's Carrboro address. On March 1, 2026 at 8:17 PM, process server Janie Mitchell of Blackman Detective Services personally served Respondent in Carrboro, North Carolina. Gharavi Decl. ¶ 11, Ex. 7. The subpoena commanded production by March 13, 2026. Gharavi Decl. ¶ 12, Ex. 7. Respondent served no written objections and produced no documents by that date or at any time thereafter. Gharavi Decl. ¶ 12.

Following expiration of the compliance deadline, counsel sent Respondent successive emails on March 17, March 19, and March 23, 2026, offering to confer by telephone and requesting immediate compliance. Gharavi Decl. ¶¶ 13–15, Exs. 8–10.

3

Respondent did not respond to any of them. As of the date of this filing, Respondent has not produced any documents, served any objections, or made any communication of any kind in response to the subpoena. Gharavi Decl. ¶ 16.

### III. QUESTIONS PRESENTED

1. Whether the Court has authority under Federal Rule of Civil Procedure 45(d)(2)(B)(i) to compel compliance with the subpoena, where Respondent resides within this District.

2. Whether the subpoena seeks information relevant to the claims and defenses in the Underlying Action within the meaning of Federal Rule of Civil Procedure 26(b)(1).

3. Whether Respondent has waived all objections to the subpoena by failing to serve written objections within the time prescribed by Federal Rule of Civil Procedure 45(d)(2)(B).

4. Whether Petitioner has satisfied the conferral requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1(a).

5. Whether the Court should order Respondent to produce documents by electronic transmission, and in the alternative, compel an affidavit of completeness.

### IV. ARGUMENT

**A. The Court Has Authority to Enforce the Subpoena.**

Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), "the serving party may move

4

the court for the district where compliance is required for an order compelling production or inspection." The "district where compliance is required" is where the commanded person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(2)(A). Respondent was personally served at his residence in Carrboro, North Carolina, within this District. Gharavi Decl. ¶ 11, Ex. 7. This Court is therefore the proper forum to enforce the subpoena. *See Assure Re Intermediaries, Inc. v. W. Surplus Lines Agency, Inc.*, No. 1:21MC25, 2021 WL 9682281, at *1 n.1 (M.D.N.C. Sept. 28, 2021) (motion to compel properly filed in this District where non-party respondent resided in Burlington, North Carolina); *see also Sacks Holdings, Inc. v. Grin Natural USA Ltd.*, No. 1:23CV1058, 2024 WL 3535390, at *2 (M.D.N.C. July 25, 2024) (explaining that "the authority" to enforce a Rule 45 subpoena "rests with the court where compliance is required").

**B. The Subpoena Seeks Relevant, Discoverable Information.**

The scope of discovery under Rule 45 mirrors Rule 26. *See In re Sadeq*, No. 1:21MC6, 2022 WL 825505, at *24–25 (M.D.N.C. Mar. 18, 2022) (citing *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240 (M.D.N.C. 2010)). Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense," and "discovery under the Federal Rules of Civil Procedure is *broad in scope and freely permitted.*" *Kinetic Concepts*, 268 F.R.D. at 239 (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *In re Sadeq*, 2022 WL 825505, at *25. Relevance is "construed broadly to encompass any matter that

5

bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The subpoena seeks documents and communications concerning Petitioner and his Midwest Wrestle YouTube channel, including posts, correspondence, and other content involving wrestling media figures and organizations. Ex. 7, Attach. A. Respondent was during the relevant period a board member of the National Wrestling Media Association— the organization whose members have been identified through the Underlying Action as participants in the defamatory campaign against Petitioner—and in that capacity necessarily engaged in NWMA communications concerning the events at issue. Gharavi Decl. ¶ 2. Respondent's personal participation in an online forum thread concerning Petitioner during the precise period of the campaign further confirms that his communications and content bear directly on Petitioner's claims and the identities of individuals who participated in the campaign. Gharavi Decl. ¶ 3. Courts in this District compel compliance with third-party Rule 45 document subpoenas where the materials sought are relevant to the claims and defenses at issue. *See Assure Re*, 2021 WL 9682281, at *2–3 (granting motion to compel production from two non-party respondents where the court found the requested documents and communications "relevant as to Plaintiff's claims and Defendant's defenses").

### C. Respondent Has Waived All Objections.

Respondent's window to object to the subpoena closed before Petitioner sent the first post-service follow-up email. Under Federal Rule of Civil Procedure 45(d)(2)(B),

6

written objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The subpoena was personally served on March 1, 2026 and commanded production by March 13, 2026. Gharavi Decl. ¶¶ 11–12, Ex. 7. Respondent's objection deadline was therefore March 13, 2026. That deadline passed without a single objection, a motion to quash, or any other response.

"Normally, failure to object timely waives any objection, including privilege." *Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 441 (E.D. Va. 2018); *see also Shifflett v. Routhier*, No. 5:23-CV-00046, 2025 WL 757595, at *3 (W.D. Va. Mar. 10, 2025) (quoting *Williams* and finding waiver where party ignored subpoena without filing objection or motion to quash). Every objection—including any based on privilege or work product—is therefore waived. No unusual circumstances excuse the untimeliness here. *See Shifflett*, 2025 WL 757595, at *3 (identifying circumstances that might excuse untimely objections—subpoena overbroad on its face, significant expense imposed on good-faith nonparty, or prior contact between counsel—none of which is present).

### D. Petitioner Has Satisfied the Conferral Requirements.

Local Rule 37.1(a) requires moving counsel to certify "that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord," stating in the certificate "the date of the conference, the names of the participating attorneys, and the specific results achieved." Federal Rule of Civil Procedure 37(a)(1) similarly requires certification that the movant "in good faith conferred or attempted to

7

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Petitioner's counsel made repeated good-faith attempts to confer with Respondent across six months using multiple methods—email, voicemail, certified mail, a formal demand letter, personal service, and three successive post-service emails—before bringing this motion. Courts in this District hold that a moving party fulfills these obligations by demonstrating that it made multiple attempts to confer and that the opposing party "ignored both attempts." *Wilson v. Fairfield Inn Suites-Marriott, RDU*, No. 1:16CV899, 2017 WL 1483443, at *5 (M.D.N.C. Apr. 25, 2017). "Detailed correspondence outlining the deficiencies in discovery responses and the reasons the requesting party needs the requested information can satisfy a party's Rule 37(a) conferral obligations if such correspondence permits sufficient time for the opposing party to respond," *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15CV227, 2015 WL 6110859, at *9 (M.D.N.C. Oct. 16, 2015) (citing *Kinetic Concepts*, 268 F.R.D. at 244–46), particularly where further conferral efforts "would not likely have been successful in resolving this discovery dispute," *id.* at *8 (quoting *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 197–98 (N.D.W. Va. 2000)). Local Rule 37.1(a)'s phrase "unable to reach an accord" encompasses by its plain terms the situation where one party renders accord impossible by refusing all engagement.

The January 8, 2026 demand letter is precisely the kind of detailed correspondence that satisfies this standard. Ex. 4. Sent on firm letterhead by both email and certified mail,

8

it summarized each prior outreach attempt, identified the basis for Petitioner's requests, demanded a response within seven days, and explicitly warned of a motion to compel and sanctions. Respondent did not respond. The three post-service emails of March 17, 19, and 23, 2026 provided further opportunity to confer. Exs. 8–10. Respondent ignored all three. Petitioner has satisfied his conferral obligations under both Rule 37(a)(1) and Local Rule 37.1(a).

### E. The Court Should Compel Electronic Production.

Petitioner requests that the Court order Respondent to produce all responsive documents by electronic transmission. Electronic production imposes no burden on Respondent beyond that already required by the subpoena and eliminates any logistical concern associated with physical delivery.

Respondent has not demonstrated—or even alleged—that compliance would impose any burden, let alone an undue one. The party asserting undue burden "must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request"; "conclusory allegations" in a brief do not suffice. *Kinetic Concepts*, 268 F.R.D. at 249 (collecting cases). Nor can one "refuse discovery simply by making a boilerplate objection that it is not proportional." *In re Sadeq*, 2022 WL 825505, at \*25 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2015 Amend.). Respondent has offered nothing, and any burden objection is waived in any event, as discussed above in Section IV.C.

### F. In the Alternative, the Court Should Compel an Affidavit of Completeness.

9

To the extent Respondent contends that he possesses no documents or communications responsive to the subpoena, Petitioner respectfully requests that the Court compel Respondent to execute and file with the Court an affidavit of completeness under penalty of perjury attesting to that fact within seven (7) days of the Court's order.

## V. CONCLUSION

WHEREFORE, Petitioner Nima Gharavi respectfully requests that the Court enter an order compelling Respondent to comply with the subpoena within fourteen (14) days of the Court's order by producing all responsive documents by electronic transmission, or in the alternative, if Respondent contends he possesses no responsive documents, compelling Respondent to execute and file with the Court an affidavit of completeness under penalty of perjury attesting to that fact within seven (7) days of the Court's order, and granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: April 6, 2026          By: _____

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*

10

# CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains 2,209 words, inclusive of headings and footnotes and exclusive of the caption, signature lines, this certificate, and any cover page, as calculated by word processing software, and complies with the word limit established by Local Rule 7.3(d)(1).

Dated: April 6, 2026

Respectfully Submitted,

By: _____

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*

11