# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation, <br><br> *Plaintiffs,* <br><br> v. <br><br> FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25 <br><br> *Defendants.* | Case No. 1:24-cv-1969 <br><br> Steven C. Seeger, U.S.D.J. <br><br> Beth W. Jantz, U.S.M.J. |

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT** pursuant to the Federal Rules of Civil Procedure,

Plaintiffs Nima Gharavi and Right Call Officials, Inc., by and through their undersigned attorneys,

intends to serve a subpoena, in the form attached hereto, upon Tony Rotundo on Monday, January

12, 2026, or as soon as service may be effectuated. The subpoena requires Tony Rotundo to

produce all documents specified in Exhibit A to the subpoena within fourteen (14) days of receipt

of service at the offices of Swanson, Martin & Bell, 330 N Wabash Ave Suite 3300, Chicago, IL

60611, Attention: Olivia E. Duggins, Esq.

Dated: January 12, 2026

Respectfully Submitted,

**PLAINTIFFS NIMA GHARAVI and**
**RIGHT CALL OFFICIALS, INC.**

By: */s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)

Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
oduggins@smbtrials.com
*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I served the foregoing **NOTICE OF SUBPOENA** and copy of the accompanying subpoena via electronic mail on counsel of record and *pro se* defendants.

Adam Kingsley
Kingsley Law Group
150 N Michigan Ave, 8th floor
Chicago, IL 60601
adam@kingsleylawgroup.com
Counsel for Defendant, Joseph Corsini

Philip Piscopo
Storm & Piscopo, P.C.
2000 S Batavia Ave,
Geneva, IL 60134
pjp@stormpiscopo.law
Counsel for Defendant, John Davidson

Patrick Mineo
Pro se
patrickmineo22@gmail.com

By:     *By: /s/ Olivia E. Duggins*

Olivia E. Duggins

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Illinois  ▾

|  |  |
|---|---|
| NIMA GHARAVI et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-1969 |
| FloSports, Inc. et al. | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Tony Rotundo
103 Westview Dr. Apt. K, Carrboro, NC 27510

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Swanson, Martin and Bell, LLP<br>330 North Wabash Ave, Suite 3300<br>Chicago, IL 60611 | Date and Time:<br><br>1/24/2026 11:59 pm CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/12/2026

*CLERK OF COURT*

OR

_____          /s/ Olivia Duggins
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Nima Gharavi and Right Call Officials, Inc. , who issues or requests this subpoena, are:
Olivia E. Duggins, 330 North Wabash Ave, Suite 3300, Chicago, IL 60611, oduggins@smbtrials.com, (312) 222-8534

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:24-cv-1969

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:  Via Certified Mail

_____     on *(date)*     01/12/2026     ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____01/22/2026_____

_____
*Server's signature*

Kira Matheson
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

### DEFINITIONS

1.  The uniform definitions, instructions, and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

2.  "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

3.  The following definitions shall apply to the individual requests as well as the Definitions and Instructions herein.

4.  "Action" means Nima Gharavi and Right Calls Officials, Inc., v. FloSports, Inc., Christian Pyles, Jessica Presley, MatScouts LLC, Willie Saylor, Allyson Schwab, Patrick Mineo, Jon Kozak, Skramble Wrestling Gear LLC, Stephen Kolankowski, and John Does 1-25, Case No. 1:24-cv-1969 currently pending in the United States District Court for the Northern District of Illinois Eastern Division.

5.  "Amended Complaint" means Plaintiffs' Amended Complaint in the Action, dated April 10, 2024 (Dkt. No. 20).

6.  "Communication" or "Communications" are used in the broadest possible sense and mean verbal, written, or electronic exchanges between two or more persons.

7.  "Document" or "Documents" are used in the broadest possible sense to mean or refer to anything which may be within the meaning of Federal Rule of Civil Procedure 34.

8.  "Defendants" means the defendants in this Action: FloSports, Inc., Christian Pyles, Jessica Presley, MatScouts LLC, Willie Saylor, Allyson Schwab, Patrick Mineo, Jon Kozak,

Skramble Wrestling Gear LLC, Stephen Kolankowski, and John Does 1-25. FloSports, Inc., MatScouts LLC, and Skramble Wrestling Gear LLC includes any current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on behalf of the entities.

9. "Plaintiffs" means the plaintiffs in this action: Nima Gharavi and Right Calls Officials, Inc. Right Call Officials, Inc. includes any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

10. "You" and "Your" means the individual addressed on this subpoena including any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

11. "John Does 1-25" means previously-unidentified defendants in this Action for which You may have information regarding the identities of.

12. All other terms shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

# INSTRUCTIONS

1.      Unless agreed to otherwise by the parties, electronically stored information is to be produced in single-page TIFF (Tagged Image File Format) format with available searchable text and reasonably accessible metadata. Spreadsheets, presentations, video/audio files, and any other file type that is not easily converted to an image, shall be provided in native format. Native file names should match the Bates entry for that specific record. Documents shall be produced with logical document breaks, as searchable, and with load field enabling review in common litigation databases such as Concordance and/or Relativity.

2.      Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

        a.      Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the request more inclusive;

        b.      Construing the singular form of any word to include the plural and the plural form to include the singular;

        c.      Construing the past tense of the verb to include the present tense and the present tense to include the past tense; and

        d.      Construing "include" to mean include or including "without limitation."

3.      These requests are continuing in character so as to require You to produce additional documents if You obtain further or different information at any time before trial.

4.      If you contend that you are entitled to withhold from production any documents requested herein on the basis of attorney/ client privilege, work-product protection, or other legally recognized grounds, identify the nature of the document(s), the date for same, the author, and the person to whom the document was addressed; identify each individual who has seen the document,

each individual who has received a copy of the document and from whom the document was received; and state the basis upon which you contend you are entitled to withhold the document from production. Accordingly, please provide a formal written privilege log of all claimed privileged documents and information.

# DOCUMENT REQUESTS

1. All Documents and Communications in Your possession and/or in the possession of any National Wrestling Media Association staff member, contractor or volunteer including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about videos belonging to the "Midwest Wrestle" YouTube channel.

2. All Documents and Communications in Your possession and/or in the possession of any National Wrestling Media Association staff member, contractor or volunteer including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about Nima Gharavi.

3. All Documents and Communications between either You or any National Wrestling Media Association staff member, contractor or volunteer and any third parties, including but not limited to any member of any school staff, any wrestling coaches or officials, any member of the media or wrestling authority and/or wrestling leadership, in any manner regarding Nima Gharavi or Midwest Wrestle.

4. All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of Your or NWMA's social media accounts that concern, reference or discuss Nima Gharavi or Midwest Wrestle, in any manner, whether directly or indirectly.

5. All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of Your or NWMA's accounts on bulletin boards, message boards, forums, etc. that concern, reference or discuss Nima Gharavi or Midwest Wrestle, in any manner, whether directly or indirectly.

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9589071052703412910537

Copy     Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item arrived at our USPS facility in GREENSBORO NC DISTRIBUTION CENTER on March 25, 2026 at 8:57 pm. The item is currently in transit to the destination.

**Get More Out of USPS Tracking:**

    **USPS Tracking Plus®**

## Moving Through Network

**Arrived at USPS Regional Facility**

GREENSBORO NC DISTRIBUTION CENTER
March 25, 2026, 8:57 pm

**Arrived at USPS Regional Facility**

RALEIGH NC DISTRIBUTION CENTER
March 24, 2026, 11:11 am

**Arrived at USPS Regional Facility**

CHICAGO IL DISTRIBUTION CENTER
March 22, 2026, 10:20 pm

**Arrived at USPS Regional Facility**

CHICAGO IL DISTRIBUTION CENTER
March 21, 2026, 12:53 am

**Unclaimed/Being Returned to Sender**

CARRBORO, NC 27510
February 10, 2026, 5:37 pm

Case 1:26-mc-00007-UA    Document 2-5    Filed 04/07/26    Page 13 of 14

**Reminder to Schedule Redelivery of your item**

January 26, 2026

**Notice Left (No Authorized Recipient Available)**

CARRBORO, NC 27510
January 21, 2026, 4:35 pm

**Held at Post Office, At Customer Request**

CARRBORO, NC 27510
January 20, 2026, 6:26 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**    ⌄

---

**USPS Tracking Plus®**    ⌄

---

**Product Information**    ⌃

**Postal Product:**              **Features:**
                                 Certified Mail™

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

Case 1:26-mc-00007-UA    Document 2-5    Filed 04/07/26    Page 14 of 14